IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) ) | CIVIL ACTION NO. 07-71 E |
| v. | ) ) | |
| UNITED REFINING COMPANY, | ) ) ) ) | COMPLAINT JURY TRIAL DEMANDED |
| Defendant. | ) | |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Malou Jordan and Bonnie Dinger, who were adversely affected by such practices. As alleged with greater particularity in paragraph 7 below, the Commission alleges that Defendant discharged Malou Jordan and Bonnie Dinger after they engaged in protected activity by complaining of sexual harassment, when they were terminated from their employment. As a result of their retaliatory discharges, Ms. Jordan and Ms. Dinger suffered backpay losses and emotional distress damages.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and

Section 102 of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 1981a ("CRA of 1991").

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Pennsylvania.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant, United Refining Company, a Pennsylvania corporation, (the "Employer"), has continuously been doing business in the State of Pennsylvania and the City of Warren, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Malou Jordan and Bonnie Dinger filed charges with the Commission alleging violations of Title VII by Defendant Employer. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 3, 2006, Defendant Employer engaged in unlawful employment practices at its Warren, Pennsylvania facility, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a). Such practices include the Defendant's discharge of Malou Jordan

and Bonnie Dinger from their employment in retaliation for engaging in protected activity under Title VII, as follows:

(a) Beginning in or about 1990, Malou Jordan was employed by Defendant as a secretary in Defendant's security department, until her termination on or about January 3, 2006. At all relevant times, Ms. Jordan had satisfactory performance and received regular salary increases.

(b) On or about March 4, 2005, Ms. Jordan complained internally to Defendant that she was being sexually harassed by a male supervisor and a male investigator, Larry Faulk and Kerry Pebbles, respectively.

(c) On or about June 13, 2005, Ms. Jordan received a memorandum from Defendant chastising her for complaining of sexual harassment.

(d) On or about July 11, 2005, Ms. Jordan filed a charge of discrimination with the EEOC alleging that she had been subjected to sexual harassment and retaliation.

(e) In or about September 2005, Don Sobina, Ms. Jordan's Supervisor, refused to allow Ms. Jordan to attend training that was relevant to her job duties.

(f) Sometime in the Fall of 2005, Keith Anderson, Defendant's then-Assistant Director of Physical Security, requested of Mr. Sobina that Ms. Jordan's job title be changed from "secretary" to "administrative assistant," as her job duties encompassed much more than secretarial work. However, Mr. Sobina denied the request.

(g) On or about January 3, 2006, Ms. Jordan's employment was terminated as part of an alleged restructuring of the security department. Defendant refused to permit Ms. Jordan to apply for any other available positions for which she was qualified.

(h) Beginning in or about 1995, Bonnie Dinger was employed by Defendant in the retail accounting department. In or about 2000, she transferred to the payroll department, and in or about April 2001, Ms. Dinger transferred to Defendant's security department, where she was a secretary until her termination on or about January 3, 2006. At all relevant times, Ms. Dinger had satisfactory performance and received regular pay increases.

(i) On or about March 4, 2005, Ms. Dinger complained internally to Defendant that she was being sexually harassed by a male supervisor and a male investigator, Larry Faulk and Kerry Pebbles, respectively.

(j) On or about June 13, 2005, she received a memorandum chastising her for complaining of sexual harassment.

(k) On or about June 23, 2005, Ms. Dinger filed a charge of discrimination with the EEOC alleging that she had been subjected to sexual harassment and retaliation.

(l) On or about January 3, 2006, Ms. Dinger's employment was terminated as part of an alleged restructuring of the security department. Defendant failed to inform Ms. Dinger of available positions for which she was qualified at the time of her termination.

(m) Ms. Jordan and Ms. Dinger, both of whom had complained of sexual harassment, were the only two employees whose positions were eliminated as part of the Security Department restructuring.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Malou Jordan and Bonnie Dinger of equal employment opportunities and otherwise adversely affect their status as employees in retaliation for engaging in activity protected under Title VII.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with reckless indifference to the federally protected rights of Malou Jordan and Bonnie Dinger.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of retaliation.

B. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant Employer to institute and carry out anti-discrimination and anti-retaliation policies and complaint procedures.

D. Order Defendant Employer to institute and carry out complaint procedures which encourage employees to come forward with complaints regarding violations of its policies against discrimination and retaliation.

E. Order Defendant Employer to institute and carry out a training program which shall promote supervisor accountability imposing on all managers and supervisory personnel a duty to actively monitor their work areas to ensure compliance with policies on non-discrimination and

anti-retaliation; and requiring all managers and supervisors to report any incidents and/or complaints of discrimination and/or retaliation of which they become aware to the department charged with handling such complaints.

F.   Order Defendant Employer to make whole Malou Jordan and Bonnie Dinger, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

G.   Order Defendant Employer to make whole Malou Jordan and Bonnie Dinger, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

H.   Order Defendant Employer to make whole Malou Jordan and Bonnie Dinger by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including emotional pain, suffering, depression, anxiety, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

I.   Order Defendant Employer to pay Malou Jordan and Bonnie Dinger punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

J.   Grant such further relief as the Court deems necessary and proper in the public interest.

K.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
Washington, D.C.

_____
JACQUELINE H. McNAIR
Regional Attorney

_____
JUDITH A. O'BOYLE
Supervisory Trial Attorney

_____
LISA H. HERNANDEZ
Trial Attorney

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Pittsburgh Area Office
Liberty Center
1001 Liberty Avenue, Suite 300
Pittsburgh, PA 15222-4187
(412) 644-2695 (telephone)
(412) 644-2664 (facsimile)
LISA.HERNANDEZ@EEOC.GOV
PA ID # 87634